## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | **DEBORAH R. PRICE,** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| **v.** | | ) | **CIV-20-70-PRW** |
| | | ) | |
| 1. | **AR & OK DIVISIONAL HQ - TSA** | ) | |
| | **D/B/A THE SALVATION ARMY,** | ) | |
| | | ) | **Jury Trial Demanded** |
| | **Defendant.** | ) | **Attorney Lien Claimed** |

## COMPLAINT

**COMES NOW** the Plaintiff, Deborah R. Price, and for her Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1.     Plaintiff, Deborah R. Price, is an adult female, who at all times relevant hereto was a resident of Cleveland County, Oklahoma.

2.     Defendant, AR & OK Divisional HQ – TSA d/b/a The Salvation Army is an entity doing business in and around Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.     This is a cause of action arising out of Plaintiff's former employment with Defendant based on claims of: (a) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (b) gender discrimination in violation of Title VII of the Civil Rights Act; (c) disability discrimination and retaliation for having requested reasonable accommodations in violation of the Americans with Disabilities Act ("ADA") and ADA

1

Amendments Act ("ADAAA"); and (d) violations of the Family Medical Leave Act ("FMLA").

4.     This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

5.     All of the acts complained of herein occurred in or around Oklahoma County, Oklahoma.  Defendant is doing business in such county and may be served in such county. Oklahoma County is located within the Western District of the United States District Court of Oklahoma.  Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

6.     To the extent required, Plaintiff has exhausted her administrative remedies. She filed an EEOC Charge of Discrimination on or about March 8, 2019.  The EEOC issued a Notice of Right to Sue dated on or about October 28, 2019, which Plaintiff received by mail thereafter.  And, Plaintiff has timely filed this action within ninety (90) days of her receipt of the notice of right to sue.

## STATEMENT OF FACTS

7.     Plaintiff, a female, was born in November 1949, making her over age forty (40) at all relevant times.

8.     Plaintiff was employed with Defendant for approximately six and one-half years, from in or around June 2012 until on or about October 17, 2018.

9.     Before she was hired, she was contacted and encouraged to apply by then-Divisional Secretary Keath Biggers.  Upon his encouragement, Plaintiff applied and was

hired as the Divisional Social Services Director by Biggers.

10.     Plaintiff worked as the Divisional Social Services Director for approximately two years.  In this position, she not only performed the duties of her predecessor, but also took on additional responsibilities including implementing a new program (the Bridges Out of Poverty Project) focused on community-based, anti-poverty initiatives.

11.     Thereafter, in or around 2014, Biggers offered, and Plaintiff accepted, a newly created position, Divisional Director of Poverty Initiatives, within the Social Services Department.  Plaintiff held this position for the remainder of her employment, until on or about October 17, 2018.

12.     Throughout her employment, Plaintiff was an outstanding employee.  She regularly received positive performance evaluations and merit pay increases.  In fact, she consistently earned a composite score that exceeded expectations, i.e., the highest performance designation possible.  And, she was not written up or otherwise disciplined at any time prior to her termination.  Despite her stellar work performance, Plaintiff was terminated on or about October 17, 2018.

13.     Significantly, her termination came on the heels of notifying Defendant that she was diagnosed with breast cancer and requesting reasonable accommodations, including *inter alia* leave time.

14.     More particularly, Plaintiff was diagnosed with breast cancer in or around January/February 2017.  Shortly thereafter, she informed her then-supervisor, Divisional

Secretary Thomas McWilliams, as well as most, if not all, other staff.  She sent a group email informing them of her diagnosis and requesting their prayers.

15.     Based on her medical condition, Plaintiff is/was a qualified individual with a disability within the meaning of the ADA/ADAAA, in that, she suffers/suffered from a physical impairment which substantially limits/limited her ability to perform one or more major life activities, including but not limited to her ability to concentrate, sleep and care for herself.  Her impairments also impact/impacted one or more of her internal bodily processes, including but not limited to her immune and lymphatic systems.  Plaintiff also has/had a record of such impairment and/or was regarded as having such an impairment.  At all relevant times though, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

16.     As a result of her medical condition, Plaintiff requested FMLA to seek medical treatment, including several surgeries - the last one taking place in or around early-October 2018 (just weeks before she was fired).

17.     Throughout the time she sought medical care, Plaintiff kept Defendant apprised of her condition.  She submitted FMLA paperwork to HR and kept her supervisors informed about the status of her medical condition.  This included *inter alia* informing McWilliams, as well Ben Lawrence who replaced McWilliams as the Divisional Secretary in or around June 2017.

18.     Despite this, at no time did Defendant engage in an interactive process with

4

Plaintiff about providing her with reasonable accommodations.  And, Plaintiff was fired approximately one week after taking FMLA-qualifying leave for cancer-related surgery.

19.     Particularly, Plaintiff was contacted on or about October 10, 2018, about meeting with Human Resources the following day.  On or about October 11, 2018, Plaintiff met with Divisional HR Director Edana Koehler and HR Generalist Carrie Ray.

20.     During the meeting, Koehler (who is significantly younger than Plaintiff) and Ray (who is in her 30s) abruptly announced to Plaintiff (age 68) that "today is going to be your last day."  Koehler claimed Defendant was terminating her employment pursuant to a layoff and wanted Plaintiff to sign a release (including a release of claims for age and sex discrimination, as well as violations of the ADA and FMLA).

21.     Attached to the release was a document titled "Older Workers Benefit Protection Act."  Upon reviewing the same, Plaintiff discovered that each of the individuals selected for the alleged "lay-off" (a total of five) were all females and the oldest in their departments.  By way of example, in Social Services where Plaintiff worked, two employees were identified as working in that Department: Plaintiff (female, listed as age 69) and Nathan Emery (male, age 43) - with Plaintiff being the one selected for termination.

22.     Plaintiff declined to sign the release and asked to speak to Divisional Commander Lewis Reckline.  She then met with Reckline the next day, or about October 12, 2018.

23.     During the meeting, Reckline (a significantly younger male) told Plaintiff the

reason for the layoff was because there was a reduction in donations.  However, this failed

to explain why Plaintiff was fired, rather than Emery.  Plaintiff had more seniority than

Emery and had previously held the same position as Emery, i.e., Divisional Social Services

Director, meaning she could have done the job.

24.     Moreover, at or around the same time Plaintiff and the other female employees

(ages 79, 66, 68 and 60) were terminated, a male staff member, Mike Justice, was given

significant pay increases.

25.     Further, within a few months prior to Plaintiff's termination, Emery began

asking Plaintiff about how to perform certain of her job duties.  And, upon belief, Emery

took over job duties that Plaintiff had been charged with after Plaintiff was terminated.

26.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered

the injuries described hereafter.

### COUNT I:  ADEA

For her first cause of action, Plaintiff incorporates all prior allegations and further

alleges and states as follows:

27.     The matters alleged above constitute violations of the ADEA in the form of age

discrimination.

28.     Plaintiff is entitled to relief under the ADEA for age discrimination because,

as stated herein, she was over age forty (40); she was qualified for her job; she was

discharged and her job duties were not eliminated after her termination.  Moreover, upon

information and belief, after Plaintiff was terminated, her job duties were performed by a significantly younger individual.

29.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct.

**COUNT II: TITLE VII**

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

30.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender discrimination.

31.     Plaintiff is entitled to relief under Title VII for gender discrimination because, as stated herein, she is a member of a protected class; was qualified for her job; was discharged and her job duties were not eliminated after her termination. Moreover, upon information and belief, after Plaintiff was terminated, her job duties were performed by a male.

32.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages.

33.     Because the actions of Defendant were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

**COUNT III: ADA/ADAAA**

7

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

34.     The matters alleged above constitute discrimination based on a disability, record of a disability and/or perceived disability in violation of the ADA and ADAAA. The matters alleged above also constitute retaliation for having requested reasonable accommodations in violation of the ADA and ADAAA.

35.     More specifically, Plaintiff was a qualified individual with a disability, in that, she suffers from impairments, described above, which substantially limit her ability to perform one or more major life activities, as set forth above. Further, Plaintiff's disability impacts one or more of her internal bodily processes, as shown herein. And, Plaintiff had a record of a disability and was regarded as disabled because she had an actual or perceived impairment; that impairment was neither transitory nor minor; and Defendant was aware of and perceived the impairment at the time Plaintiff was terminated.

36.     Despite said impairments, Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodations at all relevant times hereto.

37.     Plaintiff was terminated under circumstances giving rise to an inference of discrimination.

38.     Moreover, Plaintiff is entitled to relief because she engaged in a protected activity (requesting reasonable accommodations in the form of *inter alia* leave time), suffered adverse actions thereafter, and a causal connection exists between her requests and the

adverse actions.

39.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages as allowed by the Civil Rights Act of 1991.

40.     Because the actions of Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT IV: FMLA

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

41.     The matters alleged above constitute retaliation for Plaintiff's use or attempted use of medical leave in violation of the Family Medical Leave Act ("FMLA").

42.     Plaintiff was entitled to medical leave because she worked for Defendant, an entity with more than 50 employees within a 75 mile radius of Plaintiff's work site, for more than one (1) year and for more than 1,250 hours within the one year prior to her need for leave.

43.     Plaintiff suffered from a serious health condition (i.e., breast cancer), requiring she seek continuing medical treatment by a medical provider..

44.     Defendant retaliated against Plaintiff for her use of FMLA, terminating Plaintiff after taking FMLA leave, *inter alia*.

45.     As set forth herein, Defendant's actions were in willful violation of the law.

Defendant was aware of the FMLA and the requirements contained therein, but willfully violated Plaintiff's FMLA rights.

46.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries and is entitled to recovery of all damages, including, but not limited to, lost income, past and future, liquidated damages, based on the willfulness of Defendant's violation of the FMLA, attorney's fees and costs.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant and assess compensatory damages including but not limited to backpay, future wages and other compensatory damages, together with pre- and post-judgment interest, costs, attorney's fees, emotional distress damages, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

**RESPECTFULLY SUBMITTED THIS 23rd DAY OF JANUARY, 2020.**

> s/ Jana B. Leonard
> JANA B. LEONARD, OBA# 17844
> SHANNON C. HAUPT, OBA # 18922
> LEONARD & ASSOCIATES, P.L.L.C.
> 8265 S. WALKER
> OKLAHOMA CITY, OK 73139
> (405) 239-3800     (telephone)
> (405) 239-3801     (facsimile)
> leonardjb@leonardlaw.net
> haupts@leonardlaw.net
> JURY TRIAL DEMANDED
> ATTORNEY LIEN CLAIMED